## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MERRILL LYNCH COMMERCIAL FINANCE, CORP., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 10 C 5925 |
| TRIDENT LABS,INC. and LAURENCE K. FISHMAN, | ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

Before the court is defendants' motion to dismiss plaintiff's complaint.  For the reasons explained below, we grant plaintiff's motion in part and deny it in part.

### BACKGROUND

Plaintiff Merrill Lynch Commercial Finance Corporation ("Merrill Lynch") and defendant Trident Labs, Inc. ("Trident") are parties to a Term Loan and Security Agreement (the "Loan Agreement").  (Compl. ¶ 10.)  Pursuant to the Loan Agreement Trident executed a Collateral Installment Note (the "Note," and together with the Loan Agreement, the "Loan Documents") memorializing Trident's promise to repay Merrill Lynch's $1.8 million loan.  (Id. at ¶¶ 11-12.)  Pursuant to a separate Unconditional Guaranty defendant Laurence Fishman guaranteed Trident's performance under the Loan Documents.  (Id. at ¶¶ 18-19.)

Merrill Lynch alleges that Trident is in default of its obligations under the Loan Documents and, consequently, the outstanding balance of the loan ($743,355.17) is presently due and owing. (Id. at ¶¶ 22, 30-31.) Trident has refused to cure the defaults or pay the loan balance, and Fishman has refused to fulfill his obligations under the Unconditional Guaranty. (Id. at ¶¶ 27-29.) Merrill Lynch's two-count complaint alleges breach of the Loan Agreement (Count I) and the Unconditional Guaranty (Count II).

This straightforward breach of contract case has an unusual procedural history. On October 31, 2008, shortly after Merrill Lynch's deadline to pay the loan's outstanding balance, Trident sued Merrill Lynch in Los Angeles Superior Court for breach of contract and fraud. (Defs.' Mot. ¶ 14; Pl.'s Resp. at 3.)[1] The Loan Agreement contains a forum selection clause that provides in pertinent part:

> Jurisdiction; Waiver. Customer acknowledges that this Loan Agreement is being accepted by [Merrill Lynch] in partial consideration of [Merrill Lynch's] right and option, in its sole discretion, to enforce the Loan Documents in either the State of Illinois or in any other jurisdiction where Customer or any Collateral may be located. Customer irrevocably submits itself to jurisdiction in the State of Illinois and venue in any state or federal court in the County of Cook for such purposes, and Customer waives any and all rights to contest said jurisdiction and venue and the convenience of any such forum, and any and all rights to remove such

---

[1] Neither side has attached to its motion any relevant pleadings from the California case. But we gather from Trident's motion to dismiss, and Merrill Lynch's response, that Trident contends that Merrill Lynch fabricated the defaults in order to accelerate the loan. (Defs.' Mot. ¶¶ 7-10.)

> action from state to federal court. Customer further
> waives any rights to commence any action against [Merrill
> Lynch] in any jurisdiction except in the County of Cook
> and State of Illinois.

(Loan Agreement, attached as Ex. A to Pl.'s Compl., at § 3.7(o).)

Whether or not Trident had the "right" to initiate the lawsuit in

California, Merrill Lynch was evidently content to litigate

Trident's claims there: rather than move to dismiss the case,

Merrill Lynch removed it to the Central District of California.

(Defs.' Mot. ¶ 15; Pl.'s Resp. at 4.)  According to Merrill Lynch,

the California district court, on its own motion, remanded the case

to state court because it concluded that Trident's complaint did

not allege more than $75,000 in controversy.[2]  Once back in state

court, the litigation proceeded for 18 months before Merrill Lynch

moved to dismiss or stay the case for *forum non conveniens*, citing

the Loan Agreement's forum selection clause.  See Cal. Code Civ.

Proc. § 410.30(a) ("When a court upon motion of a party or its own

motion finds that in the interest of substantial justice an action

should be heard in a forum outside this state, the court shall stay

or dismiss the action in whole or in part on any conditions that

may be just.").  Merrill Lynch does not dispute that the parties

conducted significant discovery during those 18 months and that the

California court ruled on several substantive motions.  (Pl.'s

Resp. at 12.)  The California court granted in part Merrill Lynch's

---

[2]  Defendants chide Merrill Lynch for not appealing this puzzling ruling, (Defs.' Mot. ¶ 35), but that was not an option under 28 U.S.C. § 1447(d).

motion for judgment on the pleadings, denied its motion to compel with respect to certain privileged documents, and denied its motion for a protective order as to certain financial records in its possession. (Defs.' Mot. ¶¶ 17-21, 23.) Notwithstanding the substantial progress that the parties had made in the case, the California court granted Merrill Lynch's *forum non conveniens* motion and stayed the case "pending the outcome of proceedings in Illinois." (See Notice of Ruling, attached as Group Ex. A to Defs.' Mot., at 2.)[3] Approximately six weeks later, on September 17, 2010, Merrill Lynch filed this lawsuit. Trident appealed the state court's stay order and that appeal is still pending. (Defs.' Mot. ¶¶ 26-28.)

## DISCUSSION

### A.    "De Facto" Removal

Defendants argue that this lawsuit violates the removal statute, citing American Int'l Underwriters, Inc. v. Continental Ins. Co., 843 F.2d 1253 (9th Cir. 1988) ("AIU"). In AIU, the plaintiff filed a lawsuit against the defendant in New York state court and the parties litigated there for two-and-a-half years. Id. at 1255. During that time the state court decided "many substantive issues," and the parties conducted "fairly extensive discovery." Id. As the case progressed, the plaintiff became

---

[3] Neither side has indicated the substantive reasons the California court gave for ruling as it did.

concerned that New York discovery rules might pose "evidentiary obstacles" to the admission of certain evidence.  Id. at 1256. These "obstacles" prompted the plaintiff to file a separate action against the same defendant, alleging the same claims, in federal court in California.  Id.  After first concluding that abstention was appropriate under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), the Ninth Circuit Court of Appeals alternatively held that the second lawsuit constituted a de facto removal by the plaintiff, a procedure that 28 U.S.C. § 1441 does not permit.  AIU, 843 F.2d at 1260 ("[T]he filing of the repetitive lawsuit had the same effect as if AIU had actually removed the original suit.").  Trident argues that this case is analogous.  If characterized as a removal, this lawsuit would not violate the rule against removal by a plaintiff, but it would be untimely.  See 28 U.S.C. § 1446(b) (a case cannot be removed on the basis of diversity jurisdiction more than one year after the case is filed).  However, the Ninth Circuit's discussion of the removal statute was unnecessary to its ruling (see AIU, 843 F.2d at 1261), and we are reluctant to extend its holding.  As Merrill Lynch points out, it did not initially choose the California forum.  Cf. id. ("[A] plaintiff in a diversity suit can choose between a state and a federal forum when it initiates suit . . . .").  And the Loan Agreement's forum-selection clause gives Merrill Lynch arguable grounds to proceed in this court, beyond the mere fact that we have

subject matter jurisdiction. <u>Cf</u>. <u>id</u>. at 1256. For that same reason, we do not think that Merrill Lynch's previous and unsuccessful attempt to remove the case to federal court in California adds anything to the analysis. Merrill Lynch is not attempting to remove the case a second time. It is asserting its contract right to proceed in Cook County, Illinois, albeit long after Trident filed its complaint in California. Applying the removal statute to these facts is a stretch, and an unnecessary one.

**B. Colorado River Abstention**

Alternatively, defendants argue that we should dismiss this case pursuant to the <u>Colorado River</u> abstention doctrine. <u>See Colorado River Water</u>, 424 U.S. at 817-21 ("exceptional" circumstances may warrant dismissing or staying federal litigation in favor of state proceedings). This doctrine "permits a district court to dismiss or stay an action when there is an ongoing parallel action in state court. As the Court explained in <u>Colorado River</u>, the principles underlying this doctrine 'rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" <u>LaDuke v. Burlington Northern R.R. Co.</u>, 879 F.2d 1556, 1558 (7th Cir. 1989) (quoting <u>Colorado River</u>, 424 U.S. at 817 (citation and internal quotation marks omitted)). Our "virtually unflagging obligation" to exercise jurisdiction means that

abstention must be limited to "exceptional" circumstances. <u>Colorado River</u>, 424 U.S. at 817-18; <u>see also</u> <u>LaDuke</u>, 879 F.2d at 1558. The mere fact of pending state court litigation is insufficient. <u>LaDuke</u>, 879 F.2d at 1558.

We "must first determine whether the concurrent state and federal actions are actually parallel." <u>Id.</u> at 1559. "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." <u>Id.</u> (citation and internal quotation marks omitted). Merrill Lynch concedes that the California case and this case involve the "same parties and issues." (Pl.'s Resp. at 8.) Nevertheless, it argues that the two suits are not "parallel" because the California litigation is stayed, and the pending appeal does not involve the merits of the parties' claims. (<u>Id.</u> at 8-9.) This interpretation of the "parallel" proceedings requirement, which Merrill Lynch has not supported with any legal authority, is inconsistent with the pragmatic considerations underlying the <u>Colorado River</u> doctrine. It would be shortsighted (not "wise") to proceed with this case based only on the current procedural posture in California. The California court may very well lift the stay before this case is concluded.

Where, as here, there are parallel state and federal proceedings, we consider the following factors to determine whether we should abstain:

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

LaDuke, 879 F.2d at 1559.[4]  "[T]he foregoing factors are 'to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand.'"  Id. (quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 19 (1983)). "[T]he weight given to any particular factor will vary greatly from case to case, depending on the particular factual setting of the case at hand."  Id.  We should also consider "any special factors counseling for or against the exercise of jurisdiction in the case before [us]."  Id. (citation and internal quotation marks omitted).

Defendants argue that, as California residents, litigation in this district would be inconvenient. (Defs.' Mot. ¶ 43.)  Merrill Lynch responds that the defendants expressly waived this objection when they executed the Loan Documents.  (Pl.'s Resp. at 10; see Loan Agreement § 3.7(o).)  The parties' forum selection clause is not dispositive in this context, but it is relevant.  See AAR Intern., Inc. v. Nimelias Enterprises S.A., 250 F.3d 510, 523, 526

---

[4]/  Factors 1 and 10 are not relevant here.

n. 10 (7th Cir. 2001). On the other hand, the parties litigated
their claims in California for approximately 18 months after the
district court in California remanded the case to state court.
Whether or not Merrill Lynch waived its rights under the forum
selection clause is a matter for the California court. But that
does not mean that we cannot, for our purposes here, weigh Merrill
Lynch's conduct in the balance. See American Patriot Ins. Agency,
Inc. v. Mutual Risk Management, Ltd., 364 F.3d 884, 888 (7th Cir.
2004) (a defendant may, by its action or inaction, waive a forum
selection clause); Continental Bank, N.A. v. Meyer, 10 F.3d 1293,
1296-97 (7th Cir. 1993) (even a defense raised in the defendant's
answer may be waived by subsequent inaction). Although defendants
do not make this argument explicitly, we recognize that changing
the forum at this late date is inconvenient for defendants, their
counsel, and the judiciary.[5] Taking into account the forum-
selection clause, and Merrill Lynch's decision to wait well over
a year before raising it, we conclude that the inconvenience
factor favors abstention. It is not, however, a major factor in
our analysis.

"Piecemeal litigation occurs when different tribunals consider
the same issue, thereby duplicating efforts and possibly reaching

---

[5] See American Patriot, 364 F.3d at 887-88 ("If the defendant tells the
plaintiff that he is content with the venue of the suit, or by words or actions
misleads the plaintiff into thinking this or the court into becoming involved in
the case so that there would be wasted judicial effort were the case to be
dismissed to another forum, or if he stalls in pleading improper venue because
he wants to find out which way the wind is blowing, then conventional principles
of waiver or equitable estoppel come into play and if invoked by the plaintiff
block the challenge to venue.").

different results." <u>AIU</u>, 843 F.2d at 1258; <u>see also</u> <u>LaDuke</u>, 879 F.2d at 1560.  If the California appeals court reverses the trial court and lifts the stay, then parallel litigation in this court would almost certainly entail duplication and a very real risk of inconsistent results.  Even with the stay in place, piecemeal litigation is likely.  The California court has already made discovery rulings that are probably not entitled to preclusive effect in this case.  <u>See</u> <u>LaDuke</u>, 879 F.2d at 1560 n.6; <u>see also</u> <u>AIU</u>, 843 F.2d at 1258 ("The mere fact that the New York state court has temporarily stayed its action after two-and-a-half years of litigation does not obviate the possibility of piecemeal litigation.").  We conclude that this factor favors abstention.

We have no reason to question the adequacy of the state-court action to protect Merrill Lynch's rights.  <u>See</u> <u>AXA Corporate Solutions v. Underwriters Reinsurance Corp.</u>, 347 F.3d 272, 280 (7th Cir. 2003) ("AXA has insinuated that the Texas courts will not [fully and fairly adjudicate the issues], but this is pure speculation that we expressly disavow.").  Merrill Lynch's contrary arguments are strained.  It argues, for instance, that the California court "cannot protect Merrill's right, pursuant to the forum selection clause, to litigate claims arising out of its agreements with the Defendants in this Court."  (Pl.'s Resp. at 11.)  Merrill Lynch's form agreement provides that it may sue the borrower anywhere it likes, including any jurisdiction where the

borrower or the collateral is located.  (Loan Agreement § 3.7(o).)
It did not initiate the suit in California, where the defendants
are located, but it indicated through its conduct that it was
content to litigate there.  In that sense, the California lawsuit
is consistent with the forum selection clause.  Moreover, the fact
that the California court granted Merrill Lynch's belated *forum
non conveniens* motion indicates that it will protect Merrill
Lynch's interests.  This factor weighs in favor of abstention.
State rather than federal law governs the parties' dispute, but
we are perhaps more familiar with Illinois law than the California
court.   This  factor  is  a  wash.   The  California  case  is
substantially further along than this case, which weighs strongly
in favor of abstention.  Again, we conclude that Merrill Lynch
places undue weight on the California court's stay, which may or
may not remain in place.  (Cf. Pl.'s Resp. at 12.)  Likewise, the
California court obtained jurisdiction long before we did, which
supports  abstention.   Merrill  Lynch  argues  that  we  should
disregard this fact because this court "had exclusive jurisdiction
over this dispute from inception."  (Id. at 11.)  Defendants
waived the "right" to sue Merrill Lynch outside of Illinois, but
the parties did not bargain for exclusive jurisdiction in this
State.  (See Loan Agmt. § 3.7(o).)  On the other hand, removal is
no  longer  available  in  California.   This  case  is  now  Merrill

Lynch's only shot at a federal forum, a factor that weighs in favor of exercising jurisdiction.

Six of the eight relevant enumerated factors favor abstention, with the relative progress of the two cases weighing most heavily in the balance. One factor is neutral, and one affirmatively supports retaining jurisdiction. Besides these considerations, we think the unusual procedural posture of this case is a "special factor" weighing in favor of abstention. Unlike the plaintiff in AIU, Merrill Lynch has not admitted that it is forum shopping. Cf. AIU, 843 F.2d at 1259. But it has not even attempted to explain why it waited 18 months before filing its *forum non conveniens* motion. The delay, and Merrill Lynch's silence, create the strong impression that it was dissatisfied with the direction the wind was blowing in the California court. See id. (concluding that the plaintiff's forum shopping, among other relevant considerations, supported abstention). We conclude that abstention is warranted. However, we will stay this case, rather than dismiss it outright. If the California court upholds the trial court's ruling, then the grounds for abstention are substantially weaker. See LaDuke, 879 F.2d at 1562 ("A stay, in contrast to a dismissal, allows the federal court to retain jurisdiction over the federal action in case the state litigation 'washes out' for some reason and fails to reach its anticipated end of a final decision on the merits."). We cannot force the

California court to entertain the lawsuit, notwithstanding our reservations about how this case came before us.

## CONCLUSION

Defendants' motion to dismiss (15) is granted in part and denied in part. We conclude that abstention is appropriate, but decline to dismiss the case. This case is stayed pending further order of court. The parties shall notify the court when the California appeals court has issued its ruling. At that time, we will schedule a status hearing to consider whether the stay should remain in place.

DATE:     June 10, 2011

ENTER:   _____

John F. Grady, United States District Judge